FRANK, Judge.
Lynn Burgis, the former wife of decedent Stanley Burgis, appeals from an order of the probate court denying her petition to require payment of claim. The issue she raises is whether a known creditor, who was not given a notice of administration as required by law, is entitled to establish her claim in the estate administration proceeding for a determination of whether her identity was known or readily ascertainable to the personal representative. We hold that due process would require the threshold determination she seeks, and reverse the order of the trial court.
Lynn alleged that, when Stanley died, he owed her over $16,000 pursuant to a property settlement agreement they had entered into during their 1980 divorce proceedings. In her petition to require payment of claim Lynn alleged that Rose Bur-gis, Stanley’s second wife, widow, and personal representative, knew of her status as a creditor and of her claim for unpaid alimony, yet Rose failed to give her actual notice of administration. Accordingly, Lynn had no actual knowledge of the matters in the notice of administration until after the time for filing claims had passed.
At the time Lynn filed her petition— March 7, 1989 — Rule 5.495 of the Florida Probate Rules was in effect and provided:
If a creditor of the estate files a petition to extend the time for filing a claim, after the time allowed by law for presenting claims, or a petition to require payment of claim, which claim was filed after the time allowed by law for presenting claims, and the petition alleges that the creditor was known to or reasonably ascertainable by the personal representative, but was not served with a copy of the notice of administration, such petition shall specifically allege facts showing that such creditor was known to or reasonably ascertainable by the personal representative. It shall also include a verified statement alleging either (i) the creditor did not have actual knowledge of those matters relating to creditors’ claims required to be set forth in the notice of administration during the period allowed for filing claims against the estate, or (ii) facts sufficient to obtain relief under Florida Rule of Civil Procedure 1.540(b).
Our examination of Lynn’s petition reveals that it, on its face, complied with the requirements of the rule. As noted in the Committee Notes, this rule was enacted in response to the United States Supreme Court’s opinion in Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). In Pope the court held that the Due Process Clause of the Fourteenth Amendment requires that creditors whose identity was actually known or reasonably ascertainable be given actual notice of estate administration by mail or some other reliable means. Subsequent to Pope, the third district in Public Health Trust of Dade County v. Estate of Jara, 526 So.2d 745 (Fla. 3d DCA 1988), remanded a matter for a determination of whether the Pope standards were met after the probate court had denied the creditor’s motion for extension of time to file a claim. Rule 5.495 was enacted to require that creditors petitioning to file claims after the expiration of the statutory time allowance frame their petitions with requisite specificity and include a verified statement that they did not have actual notice of the estate administration during the time allowed by law. Thus, the rule *596 removed a formerly absolute bar to the filing of late claims and provided a vehicle for creditors to pursue their claims in the probate estate.
Although the trial court’s order is somewhat ambiguous, Lynn’s petition was apparently denied because she “had filed the independent action previously which was dismissed.” Although the attorneys have alluded to the reasons behind Lynn’s filing of the independent action and the grounds on which it was dismissed, the record in this case contains nothing that sheds light on that matter. At any rate, the filing of the independent action and its disposition are irrelevant to this appeal. The enactment of Rule 5.495 reflects the intent of the Supreme Court to allow late claimants without notice to pursue their claims in the probate action in accordance with the due process concerns expressed in Pope. Thus, even though the rule was not in effect when the trial court entered its order, its ultimate deletion, as we explain below, was not intended to deprive claimants such as Burgis of the procedural vehicle it provided.
Rule 5.495 was deleted effective October 1, 1991 specifically because, as set forth in the Committee Notes, “The right to petition for an extension of time to file a claim is set forth in section 733.702, Florida Statutes, as recently amended.” The amended statute specifically provides for an extension of the time in which a claim may be filed “upon grounds of fraud, estoppel, or insufficient notice of the claims period.” § 733.702, Fla.Stat. (1991). Furthermore, an independent action upon an untimely claim is barred absent the granting of an extension. Id. Thus, if Lynn or a similarly situated creditor were not allowed to establish lack of notice and receive an extension in the probate action, she would have no other recourse. Such a denial of due process was not intended by the enactment of either the rule or, subsequently, the statute.
In reversing and remanding this cause, we do so only upon the basis that the trial court did not allow Lynn a sufficient opportunity to establish the reasons for her untimeliness. The validity of the claim she seeks to establish is not before us and we do not pass upon that question.
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE, J., concur.