928 So.2d 517 (2006)
Karl FAERBER, as Personal Representative of the Estate of Nelson A. Faerber, Jr., and Kenneth Goodman, as Trustee of the Nelson A. Faerber, Jr., Trust Agreement dated February 20, 2003, Appellants,
v.
D.G., Appellee.
No. 2D05-2514.
District Court of Appeal of Florida, Second District.
May 17, 2006.
Theodore W. Zelman of Zelman & Hanlon, P.A., Naples, for Appellant Karl Faerber.
Robert W. Goldman and John Scuderi of Goldman Felcoski & Stone, P.A., Naples, for Appellant Kenneth Goodman.
Jeffrey M. Herman and Stuart S. Mermelstein of Herman & Mermelstein, P.A., Miami; and Susan W. Fox of Fox & Loquasto, P.A., Tampa, for Appellee.
DAVIS, Judge.
Karl Faerber, as Personal Representative of the Estate of Nelson A. Faerber, Jr., and Kenneth Goodman, as Trustee of the Nelson A. Faerber, Jr., Trust Agreement dated February 20, 2003 ("Appellants"), challenge the trial court's order granting D.G.'s petition for extension of time to file a claim against the Estate of Nelson A. Faerber, Jr. ("the Estate"). We reverse.
On April 29, 2004, the State charged Nelson Faerber ("the Decedent") with five counts of sexual activity with a child. D.G. was the victim in that case. On July 13, 2004, the Decedent took his own life. It was alleged that prior to his death, he informed his children in writing that he expected civil cases to arise from the facts alleged in the criminal case. The Personal Representative published a notice to creditors on August 25, 2004, informing potential creditors that the deadline to file a claim against the Estate was November 25, 2004. On February 28, 2005, D.G. *518 petitioned for allowance to file a late claim against the Estate, alleging that he had insufficient notice of the claims period.
Pursuant to section 733.2121, Florida Statutes (2004), a personal representative must publish notice to creditors of the time to file a claim on an estate in a newspaper in the county where the estate is administered, once a week for two consecutive weeks. However, subsection (3)(a) of the statute provides, in part, as follows:
The personal representative shall promptly make a diligent search to determine the names and addresses of creditors of the decedent who are reasonably ascertainable, even if the claims are unmatured, contingent, or unliquidated, and shall promptly serve a copy of the notice on those creditors. Impracticable and extended searches are not required.
Here, D.G. claimed below, and the trial court agreed, that because he was the victim in a criminal sexual abuse case against the Decedent and the Decedent had informed his family to expect D.G. to file a civil action based on those criminal charges, D.G. was a reasonably ascertainable creditor and should have received actual notice from the Personal Representative. As such, the trial court granted D.G.'s petition pursuant to section 733.702(3),[1] specifically finding that because the Decedent knew D.G.'s identity, the Personal Representative could have ascertained D.G.'s identity and should have provided D.G. with actual notice of the claims period.
This was error, however, because, as the trial court acknowledged in its order, neither party presented any evidence below. Although, at the hearing, counsel for D.G. made certain representations as to how the Decedent and his family knew D.G. and how the Decedent's family was aware of D.G.'s involvement in the criminal case against the Decedent, counsel for Appellants objected, noting that such representations did not amount to factual evidence. We agree. See Steinhardt v. Intercondominium Group, Inc., 771 So.2d 614 (Fla. 4th DCA 2000) (stating that facts in dispute must be proven absent stipulation and that representations of counsel are insufficient). Because there was no other evidence presented at the hearing, we can only conclude that the trial court erroneously based its ultimate conclusion that D.G. was a reasonably ascertainable creditor on the assertions of D.G.'s counsel. This was an abuse of discretion. See Allstate Floridian Ins. Co. v. Ronco Inventions, LLC, 890 So.2d 300, 304 (Fla. 2d DCA 2004) ("Reaching the legal conclusion that [a]ppellees had shown due diligence when there was no evidence presented upon which to make such a finding is clearly an abuse of discretion."). Accordingly, we reverse the trial court's order granting D.G.'s petition for extension of time to file a claim against the Estate.
In so doing, we note that D.G.'s attorney did attempt to proffer evidence that would have established that the Personal Representative had actual knowledge of D.G.'s identity and that the Estate represented that it had facts that would refute D.G.'s proffered evidence. However, because the trial court immediately proceeded to determine that D.G.'s identity was reasonably ascertainable by the Personal Representative without the benefit of any such evidence, we remand for the trial court to conduct an evidentiary hearing to determine whether D.G.'s identity was known to *519 or reasonably ascertainable by the Personal Representative of the Estate.
Reversed and remanded.
CANADY, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Section 733.702(3), Florida Statutes (2004), states in part, "An extension may be granted only upon grounds of fraud, estoppel, or insufficient notice of the claims period."