WOLF, J.
 

 Appellant asserts the trial court erred in striking his claim against an estate based on a finding the claim was untimely filed pursuant to the probate statutes. Because appellant failed to file a request for extension pursuant to section 733.702, Florida Statutes (2007), we affirm.
 

 On January 24, 2008, a petition for administration was filed for the estate of Richard M. Andzel, Sr., who died on November 28, 2007, at the age of 50. On March 25, 2008, the personal representative of the estate filed a Notice of Filing Proof of Publication of the Notice to Creditors which attached a newspaper notice informing possible creditors of the estate that they had three months from the date of the first publishing to file any claims outstanding against the estate. The article was published on March 13, 2008. On April 13, 2009, well outside the three-month period, appellant filed a pleading entitled “Statement of Claim” alleging he was a holder of an outstanding note executed by the decedent and the personal representative was aware of the amount due appellant. Attached to the Statement of Claim was a promissory note with only the decedent’s signature and no witness attestation or notarization.
 

 On May 8, 2009, the personal representative filed a Verified Petition for Order Striking Untimely Claim in which he asserted the first publication to creditors was published on March 13, 2008, and appellant did not file his claim until April 13, 2009, well outside the three-month filing requirement. In addition, the personal representative asserted appellant was not a known or easily ascertainable creditor of the estate.
 

 No hearing was held on the matter, and on May 18, 2009, the trial court entered an “Order Striking Untimely Filed Claim” in which the court stated:
 

 That the material allegations of the petition are true; that the Notice of Administration was first published on March 13, 2008, that the time for filing claims expired on June 13, 2008 and the claim by Anthony R. Morgenthau was filed on April 13, 2009; it is ORDERED AND ADJUDGED that the claim filed by An
 
 *630
 
 thony
 
 R.
 
 Morgenthau on April 13, 2009, was untimely pursuant to the provisions of Section 733.702 of the Florida Probate Code.
 

 No motion for rehearing was filed and appellant seeks review of this order.
 

 A decision of a probate court to strike an alleged creditor’s claim against an estate is reviewed for abuse of discretion. Str
 
 udowitz v. The Cadle Co., II, Inc.,
 
 839 So.2d 876, 881 (Fla. 4th DCA 2003). However, to the extent this issue turns on statutory interpretation, the standard of review is de novo.
 

 In the underlying action, appellant filed a Statement of Claim alleging he was a readily ascertainable creditor of the estate. A readily ascertainable creditor is entitled to prompt actual notice of a decedent’s death. § 733.212, Fla. Stat. (2007). Section 733.702, Florida Statutes (2007), governs the filing of claims against an estate and provides in pertinent part:
 

 (1).... [N]o claim or demand against the decedent’s estate that arose before the death of the decedent .... is binding on the estate ...
 
 unless filed in the probate proceeding on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the notice to creditors, 30 days after the date of service on the creditor
 
 ....
 

 [[Image here]]
 

 (3) Any claim not timely filed as provided in this section is barred even though no objection to the claim is filed unless the court extends the time in which the claim may be filed.
 
 An extension may be granted only upon grounds of fraud, estoppel, or insufficient notice of the claims period.
 

 (Emphasis added). In addition, section 733.705, Florida Statutes (2007), requires a claimant may only bring an independent action against an estate based on an untimely claim filed pursuant to section 733.702(1) if the claimant has been granted an extension by the probate court.
 

 Here, both parties concede the claim was untimely. However, appellant asserts because he was a readily ascertainable creditor, the probate court erred in striking the Statement of Claim. While appellant’s claim has some initial appeal, a close review of the history of the case law in this area and other pertinent case law constrains us to affirm.
 

 Section 773.702(1) mandates a claim is untimely if it is filed either (1) outside the three month window following publication to creditors or (2) filed outside the 30 day window for responding to a notice of claim if the creditor is a readily ascertainable creditor of the estate entitled to actual notice of the claim. This provision and the issue of timeliness has a long history with both the Florida Supreme Court and the state Legislature. This history is recounted in
 
 May v. Illinois Nat. Ins. Co.,
 
 771 So.2d 1143, 1150-53 (Fla.2000), in which the supreme court stated in pertinent part:
 

 In analyzing the nature of section 733.702, we begin with a review of
 
 Barnett Bank v. Estate of Read,
 
 493 So.2d 447 (Fla.1986), because in that case, we were called upon to determine “whether the three-month limitation period in section 733.702 is a jurisdictional statute of nonclaim or a statute of limitations.”
 
 Id.
 
 at 448....
 

 [[Image here]]
 

 Upon reviewing the ... provisions of section 733.702, Florida Statutes (1983), we held that section 733.702 “is a statute of limitations.”
 
 Barnett Bank,
 
 493 So.2d at 448. In so holding, we stated:
 

 We fully recognize the strong public policy in favor of settling and closing estates in a speedy manner.
 
 Estate of
 
 
 *631
 

 Brown,
 
 117 So.2d 478 (Fla.1960). However, as the facts of this case demonstrate, justice requires us to hold that section 733.702 is a statute of limitations. Valid grounds, such as estoppel or fraud, may exist that would and should excuse untimely claims. A creditor would lose the right to assert these potentially valid claims were we to hold that section 733.702 is a statute of nonclaim. Our holding that section 733.702 is a statute of limitations confirms the fact that estates and creditors must adhere to well-established practices when dealing with untimely claims....
 

 [[Image here]]
 

 In 1988, the Legislature amended section 733.702, Florida Statutes.
 
 See
 
 ch. 88-340, § 6, at 1805-06 ... [and] added the following pertinent language to the statute:
 

 Any claim not timely filed as provided in this section is barred even though no objection to the claim is filed on the grounds of timeliness or otherwise unless the court extends the time in which the claim may be filed. Such an extension may be granted only in the estate administration proceeding, only after notice, and only upon grounds of fraud or estoppel. No independent action or declaratory action may be brought upon a claim which was not timely filed unless such an extension has been granted.
 

 Id.
 
 This amendment clearly addressed the policy concerns we expressed in
 
 Barnett Bank,
 
 in that the amended language allows for an extension of the time limitation on the grounds of fraud or estoppel. Indeed, legislative history shows that the Legislature added the above-quoted language to section 733.702 in response to our decision in
 
 Barnett Bank,
 
 with the intent to make the statute “an absolute bar” to untimely filed claims, subject to an extension of the time limitation on the grounds of fraud or estoppel.
 
 See
 
 Fla. H.R. Comm, on Jud., HB 645 (1988), Staff Analysis & Economic Impact Statement 6 (April 7, 1988) (on file with comm.).
 

 In 1989, the Legislature again amended section 733.702, Florida Statutes.
 
 See
 
 ch. 89-340, § 5, at 2178-79, Laws of Fla. Among other things, the Legislature added “insufficient notice of the claims period” as a basis for extending the time limitation under section 733.702.
 
 See id.
 
 Through this amendment, the Legislature obviously responded to the United States Supreme Court’s decision in
 
 Tulsa Professional Collection Services, Inc. v. Pope,
 
 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), wherein the Court held that due process requires that actual notice of the claims period be provided to reasonably ascertainable creditors.
 
 See id.
 
 at 489-91, 485 U.S. 478, 108 S.Ct. 1340. Indeed, legislative history shows that the Legislature undertook many changes to the Florida Probate Code in response to the
 
 Pope
 
 decision.
 
 See
 
 Fla. H.R. Comm, on Jud., HB 1408 (1989), Staff Analysis & Economic Impact Statement 2, 6 (final June 15, 1989) (on file with comm.).
 

 Based on to the amendments to section 733.702 discussed above, several district courts of appeal in Florida have determined that the statute now bars untimely claims, even in the absence of an objection,
 
 unless an extension is granted. See Comerica Bank & Trust, F.S.B. v. SDI Operating Partners, L.P.,
 
 673 So.2d 163, 166 (Fla. 4th DCA 1996) (“It is apparent that section 733.702(3) is unlike an ordinary statute of limitations in that it contains express language barring untimely claims without any neces
 
 *632
 
 sity for the [personal representative] to object to the tardiness in filing.”) (footnote omitted);
 
 HCA New Port Richey Hospital v. Estate of Boschelli,
 
 588 So.2d 1012, 1013 (Fla. 2d DCA 1991) (noting that since this Court decided
 
 Barnett Bank,
 
 the Legislature amended section 733.702 to make the statute “a bar to untimely filed claims, even in the absence of an objection,
 
 unless the court grants an extension
 
 ”)....
 

 (Emphasis added).
 

 Here, appellant filed a statement of claim past the three month filing window. As such, according to section 733.702(1), the claim was untimely as appellant did not receive actual notice of the claim and was, thus, a creditor who fell in the three month filing window following publication.
 
 See also Miller v. Estate of Baer,
 
 837 So.2d 448, 449 (Fla. 4th DCA 2002) (holding creditors who do not receive actual notice have until the close of the three month publication window to .file a claim regardless of whether creditor asserts it was entitled to actual notice).
 

 Further, appellant did not file a
 
 motion
 
 for extension of time to file the claim or otherwise seek an extension. All Florida cases since
 
 May
 
 dealing with the forgiveness of a timeliness issue as to a creditor’s claim where the creditor asserts he or she was a reasonably ascertainable creditor subject to actual notice reach the issue through review of the creditor’s
 
 request for an extension,
 
 not through creditor’s filing of a statement of claim.
 
 Faerber v. D.G.,
 
 928 So.2d 517, 518 (Fla. 2d DCA 2006) (reversing a trial court’s grant of creditor/appellee’s motion for extension of time to file a claim where no evidence was considered prior to the grant);
 
 Simpson v. Estate of Simpson,
 
 922 So.2d 1027 (Fla. 5th DCA 2006) (reviewing trial court’s denial of appellant’s motion for extension of time based on the allegation he was a readily ascertainable creditor who should have received actual notice of decedent’s death);
 
 Longmire v. Estate of Ruffin,
 
 909 So.2d 443 (Fla. 4th DCA 2005) (same);
 
 Strulowitz,
 
 839 So.2d 876 (same);
 
 Miller,
 
 837 So.2d at 448-50 (same).
 

 While the Statement of Claim listed facts upon which a probate court could grant an extension, the Statement of Claim
 
 did not request an extension.
 
 Further, at no point in either the initial brief or the reply brief does appellant argue his Statement of Claim should be converted or modified to be read as a motion requesting an extension of time. The proper procedural course for untimely claims is the filing of an extension request prior to the filing of a statement of claim. § 733.702(1)-(3), Fla. Stat. (2007). Under the plain language of the statute, once appellant’s claim fell outside the three month claim period, regardless of his arguments for delay, his claim could only be considered after the probate court’s grant of an extension. Because appellant chose to file only a Statement of Claim and never requested an extension of time to file that claim, the probate court was bound by the relevant statutes to deny the claim. § 733.702(l)-(3), Fla. Stat. (2007).
 

 Further, while appellant now argues on appeal that he should have been granted a hearing on his Statement of Claim, appellant did not request a hearing in the Statement of Claim or in any other pleading and has waived that issue for appeal.
 
 Stueber v. Gallagher,
 
 812 So.2d 454 (Fla. 5th DCA 2002) (appellant waived claim on appeal that he should have been granted a formal hearing, rather than an informal one, by failing to request the formal hearing).
 

 Appellant relies heavily on
 
 Burgis v. Burgis,
 
 611 So.2d 594 (Fla. 2d DCA 1993) for the proposition that an untimely petition to require payment of a claim may be considered if the petition alleges the claim
 
 *633
 
 ant was a readily ascertainable creditor of the estate that was not given actual notice of the claim. In
 
 Burgis,
 
 the Second District did consider and reverse a trial court’s denial of a petition to require payment of a claim which was untimely and did not ask for an extension to file the claim because the petition adequately alleged claimant was a readily ascertainable creditor subject to actual notice.
 
 Id.
 
 However, in reversing,
 
 Burgis
 
 relied solely on Florida Probate Rule 5.495 which, at the time, stated as follows:
 

 If a creditor of the estate files a petition to extend the time for filing a claim, after the time allowed by law for presenting claims,
 
 or a petition to require payment of claim,
 
 which claim was filed after the time allowed by law for presenting claims, and the petition alleges that the creditor was known to or reasonably ascertainable by the personal representative, but was not served with a copy of the notice of administration, such petition shall specifically allege facts showing that such creditor was known to or reasonably ascertainable by the personal representative....
 

 (Emphasis added). This rule clearly authorized a claimant to seek payment of a claim after the relevant time period for filing the claim if, in the claim, the claimant asserted he or she was a readily ascertainable creditor who had not received the required actual notice. Thus, if this rule were still in existence, reversal would be required. However, Rule 5.495 was repealed on October 1, 1991, due to the statutory addition of section 733.702 regarding timeliness of claims.
 
 In re Amendments to the Florida Probate Rules,
 
 584 So.2d 964, 970 (Fla.1991);
 
 see also In re Estate Danese,
 
 641 So.2d 423, 427 n.1 (Fla. 1st DCA 1994). Thus, section 733.702 controls requiring a claimant seek and receive an extension prior to the filing of a statement of claim, which appellant failed to do.
 

 The decision of the trial court is AFFIRMED.
 

 HAWKES C.J., and DAVIS J„ concur.