THOMAS, J.
Appellant Victor Whitehead, doing business as Whitehead Construction, appeals a final summary judgment entered in favor of Appellee Tyndall Federal Credit Union, in which the trial court found Appellee did not violate the provisions of section 713.3471(2)(a), Florida Statutes (2005). For the reasons explained below, we reverse.

Factual Background

On Sept. 17, 2004, Appellant entered into a Contractor Agreement with John P. Jones, Jr., and his wife Susan P. Jones (Jones), for the construction and sale of a new home. On Oct. 25, 2004, Jones entered into a Construction Loan Agreement with Appellee and executed a note in the amount of $215,000 in Appellee’s favor. Appellant, in turn, executed a Contractor Acknowledgment in a document attached to the Construction Loan Agreement. Cheryl Whitehead, as Appellant’s agent, signed the acknowledgment, which provided in relevant part:
The undersigned acknowledges that he is aware of the amount of the loan and has reviewed and approved of the draw schedule. The undersigned further acknowledges that Lender and the undersigned are not in privity and that Lender owes no duty to the undersigned beyond disbursing the loan proceeds as agreed between Lender and Borrower in the manner requested by Borrower.
Construction began on the house, and Appellee distributed construction advances over a period of several months in the aggregate amount of $165,680. Disputes arose between Appellant and Jones, however, and according to Cheryl Whitehead’s deposition testimony, on June 27, 2005, Mr. Jones advised that no further draws would be disbursed to Appellant. Appel *1035 lant filed a lien on the same day. Appellant continued working on the house, however, hoping the disputes could be resolved and the house closed. In her deposition testimony, Cheryl Whitehead explained, “Until I heard that we were no longer the contractor, if we were released or fired, we were not fired at the time that I liened it, and until I was fired, I did not want to be breaching a contract, so we continued our work.” Jones fired Appellant on July 12, 2005. Appellant incurred $57,358.43 in expenses during the period from June 10, 2005, to July 7, 2005.
On August 26, 2005, Jones entered into a contract with another contractor to complete construction of the home. Appellee subsequently disbursed construction draws for the benefit of that contractor in the aggregate amount of $49,320 which, together with the $165,680 paid to Appellant, amounted to $215,000, the full amount of the loan.
In Count III of its Third Amended Complaint, Appellant alleged that Appellee violated the notice provisions in section 713.3471(2)(a), Florida Statutes (2005). The trial court found that it was undisputed that Appellee never made a decision to cease further loan advances prior to final distribution of all funds available under the loan. In fact, the entire amount of the loan was disbursed, albeit to two separate contractors. The court found that under the plain and unambiguous language of section 713.3471(2)(a), as a matter of law, Appellant could not prevail “because [Ap-pellee] disbursed the full amount of the Loan, $215,000.00, this amount was paid to [Appellant] and the subsequent contractor and [Appellee] followed the instructions of its borrower.” Based on these findings, the trial court entered final summary judgment in favor of Appellee as to Count III of the complaint.

Analysis

Because this case is one of statutory interpretation, the standard of review is de novo. See Morgenthau v. Estate of Andzel, 26 So.3d 628, 630 (Fla. 1st DCA 2009) (holding that appellate review is de novo to the extent the issue turns on statutory interpretation).
Section 713.3471(2)(a), Florida Statutes (2005), provides:
Within 5 business days after a lender makes a final determination, prior to the distribution of all funds available under a construction loan, that the lender will cease further advances pursuant to the loan, the lender shall serve •written notice of that decision on the contractor and on any other lienor who has given the lender notice. The lender shall not be hable to the contractor based upon the decision of the lender to cease further advances if the lender gives the contractor notice of such decision in accordance with this subsection and the decision is otherwise permitted under the loan documents.
In his complaint, Appellant alleged Ap-pellee failed to comply with this statutory notice requirement. The trial court interpreted section 713.3471(2)(a) to mean that Appellee did not owe Appellant notice under the statute because Appellee never made the decision to cease further loan advances prior to final distribution of all funds.
The trial court’s interpretation of section 713.3471(2)(a) is based on a literal reading of the statute’s plain language that notice is only required when the lender decides to cease further advances “prior to the distribution of all funds” available under the loan. We agree with Appellant, however, that under the statute, once a lender knows that it will stop advancing funds to a contractor or any other lienor, the lender has a duty to notify that contractor of its *1036 decision. If the lender fails to do so, it may be liable to the contractor.
Under the trial court’s interpretation of the statute, a lender that is fully aware that Contractor A continues to work on a job after the borrower has already instructed the lender to cease making payments to that contractor (or if the lender itself has decided to stop making those payments), the lender is under no obligation to give Contractor A notice that it is going to stop making payments to him, so long as there remain loan funds to be disbursed and the lender is willing to disburse those funds to Contractor B. To read the statute to allow for such unjust enrichment at Contractor A’s expense leads to an absurd result and would frustrate clear legislative intent. See State v. Atkinson, 831 So.2d 172, 174 (Fla.2002) (“A basic tenet of statutory construction compels a court to interpret a statute so as to avoid a construction that would result in unreasonable, harsh, or absurd consequences.”); see also Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (“[Cjourts of this state are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.’ It is also true that a literal interpretation of the language of a statute need not be given when to do so would lead to an unreasonable or ridiculous conclusion.”) (emphasis supplied; citation omitted). The obvious purpose of the statute is to prevent exactly what occurred here: the unjust termination of payments to a contractor who continues work, without any notice from the lender that payments will be terminated.

Conclusion

For the foregoing reasons, the trial court incorrectly entered summary judgment in favor of Appellee on this issue. Consequently, the trial court’s order granting summary judgment is REVERSED. The summary judgment is hereby VACATED, and the case is REMANDED for proceedings consistent with this opinion.
HAWKES, C.J., concurs. VAN NORTWICK, J., dissents with written opinion.