WILLIAMS, CHARLES E., Associate Judge.
Timothy L. Lubee challenges the trial court’s order granting in part the motion for summary judgment filed by Patricia Adams, as personal representative of the Estate of Edward B. Caufield, deceased. Because we find that Mr. Lubee was required to file his claim in the probate proceeding within three months of the date of first publication of the notice to creditors, pursuant to section 733.702(1), Florida Statutes (2006), or file a motion for extension of time in which to file his claim, pursuant to section 733.702(3), we affirm the court’s order.
On March 20, 2007, a petition for administration was filed for the estate of Mr. Caufield (the decedent), who died on December 18, 2006. On November 16, 2007, a notice to creditors was published, advising creditors that they were required to file their claims within three months of the date of first publication of the notice or within thirty days after the date of service of the notice on them and that claims not filed within the prescribed times would be forever barred. Over one year later, on December 18, 2008, Mr. Lubee filed his claim in the probate proceedings.
On February 5, 2009, Mr. Lubee filed a civil lawsuit as a creditor of the decedent in an effort to secure payment for services rendered to the decedent. Ms. Adams (the personal representative) filed a motion for summary judgment advancing two theories. Although the trial court improperly granted summary judgment based on the personal representative’s first theory, the second theory — that Mr. Lubee’s claim was barred because it was not filed in the probate proceeding within three months of the date of first publication of the notice to creditors and because Mr. Lubee failed to seek an extension of time within which to file his claim within two years following the decedent’s death — supported the grant of summary judgment. See Cannon v. Fournier, 57 So.3d 875, 882 (Fla. 2d DCA 2011) (“[U]nder the ‘tipsy coachman doctrine,’ we are bound to affirm the circuit court’s order if it reached the correct result, even if it reached that result for the wrong reason.”).
There is no dispute that Mr. Lubee did not file his claim in the probate proceeding within three months following the publication of notice to creditors and that he did not file a motion for extension of time or otherwise seek an extension. There is also no dispute that Mr. Lubee was not served with a copy of the notice to creditors pursuant to sections 733.702(1) and 733.2121(3)(a). However, Mr. Lubee contends that because he was a readily ascertainable creditor entitled to be served with a copy of the notice to creditors pursuant to those sections, he was only required to file his claim in the probate proceeding within thirty days after service of the notice on him or, at a maximum, within two years of the decedent’s death. He argues that because he was never served with the notice to creditors, he timely filed his claim within the two-year window of section 733.710.
Because a notice to creditors was published on November 16, 2007, creditors *884 not entitled to actual notice were required to file their claims on or before February 16, 2008. See § 733.702(1). Creditors who were served with the notice to creditors were required to file their claims within thirty days following service. See id. Because he was not served with a copy of the notice to creditors, Mr. Lubee was required to file his claim in the probate proceeding within the three-month -window following publication. Alternatively, Mr. Lubee could seek an extension from the probate court pursuant to section 733.702(3) within the two-year window of section 733.710. See Morgenthau v. Estate of Andzel, 26 So.3d 628, 632 (Fla. 1st DCA 2009); cf. Miller v. Estate of Baer, 837 So.2d 448, 449 (Fla. 4th DCA 2002) (affirming order enforcing claim against estate where creditor failed to file claim within three-month window of section 733.702(1) but did file motion for extension of time within two-year window of section 733.710). It is undisputed that he did neither. Mr. Lubee’s filing of his claim in the probate proceeding within two years of the decedent’s death did not amount to a request for an extension of time and did not otherwise comply with the requirements of section 733.702. Mr. Lubee’s claim in the probate proceeding was untimely and therefore barred. As a result, the issue of whether or not Mr. Lubee was a readily ascertainable creditor was immaterial in the civil proceeding, and the trial court correctly granted partial summary judgment in favor of the personal representative.
Affirmed.
CASANUEVA and WALLACE, JJ., Concur.