TAYLOR, J.
Appellant Edward Golden, the curator of the Estate of Katherine Jones, appeals a final order striking a claim filed against the Estate of Harry Bruce Jones. We reverse, because the trial court erred in determining that the claim was untimely without first determining whether the claimant was a known or reasonably ascertainable creditor. We hold that if a known or reasonably ascertainable creditor is never served with a copy of the notice to creditors, the statute of limitations set forth in section 733.702(1), Florida Statutes, never begins to run and the creditor’s claim is timely if it is filed within two years of the decedent’s death.
By way of background, Harry Jones died in February 2007 and his estate was opened in April 2007. In June 2007, a notice to creditors was first published.
In 2008, a court appointed a guardian for Harry’s former wife, Katherine Jones, because she had been adjudicated to lack capacity. It is undisputed that neither Katherine, nor her guardian, was ever served with a copy of the notice to creditors.
In January 2009, less than two years after Harry’s death, Katherine’s guardian filed a Statement of Claim in the probate court. The basis for the claim was that Harry’s estate owed Katherine money pursuant to a Marital Settlement Agreement that Harry and Katherine executed in 2002.
*391 Katherine died in 2010. Following Katherine’s death, appellant Edward Golden was appointed as the curator of Katherine’s estate.
In March 2012, more than five years after Harry’s death, appellant filed a Petition for Order Declaring Statement of Claim Timely Filed and/or for Enlargement of Time to File Statement of Claim, Nunc Pro Tunc. Appellant alleged that the guardianship was a known or reasonably ascertainable creditor of Harry’s estate and sought a determination to that effect.
The personal representative of Harry’s estate filed a response to appellant’s petition, asserting in relevant part that the claim was time-barred under sections 733.702 and 733.710, Florida Statutes. The personal representative of Harry’s estate also asserted as an affirmative defense that Katherine was not a reasonably ascertainable creditor.
The personal representative later filed an amended motion to strike the statement of claim. After a hearing on the motion, the trial court entered its Order Striking Untimely Filed Claim, ruling that the statement of claim was untimely under sections 733.702 and 733.710, Florida Statutes, and established case law. In support of its decision, the trial court cited, among other cases, Lubee v. Adams, 77 So.3d 882 (Fla. 2d DCA 2012), and Morgenthau v. Estate of Andzel, 26 So.3d 628 (Fla. 1st DCA 2009). This appeal followed.
On appeal, appellant argues that if the notice to creditors is not served on a known or reasonably ascertainable creditor, then the applicable limitations period of section 733.702(1) never begins to run and the known or reasonably ascertainable creditor is bound only by section 733.710’s two-year statute of repose. We agree.
Generally, a probate court’s decision on whether to strike a claim is reviewed for an abuse of discretion. Strulowitz v. The Cadle Co., II, Inc., 839 So.2d 876, 879 (Fla. 4th DCA 2003). However, to the extent this issue turns on a question of statutory interpretation, the standard of review is de novo. W. Fla. Reg’l Med. Ctr., Inc. v. See, 79 So.3d 1, 8 (Fla.2012).
Under section 733.2121(3)(a), Florida Statutes (2006), the personal representative of an estate “shall promptly make a diligent search to determine the names and addresses of creditors of the decedent who are reasonably ascertainable ... and shall promptly serve a copy of the notice on those creditors.”
To preserve a claim against a decedent’s estate in Florida, a creditor must file a written statement of the claim within the statutorily prescribed time periods. See §§ 733.702, 733.710, Fla. Stat. (2006). Section 733.702 is a statute of limitations that cannot be waived in a probate proceeding by failure to object to a claim on timeliness grounds, while section 733.710 is a jurisdictional statute of nonclaim that is not subject to waiver or extension in a probate proceeding. See May v. Illinois Nat’l Ins. Co., 771 So.2d 1143, 1145 (Fla.2000).
Section 733.702, Florida Statutes (2006),[1] provides in relevant part:
(1) If not barred by s. 733.710, no claim or demand against the decedent’s estate that arose before the death of the decedent ... is binding on the estate, on the personal representative, or on any beneficiary unless filed in the probate pro *392 ceeding on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the notice to creditors, 30 days after the date of service on the creditor, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise....
[[Image here]]
(3) Any claim not timely filed as provided in this section is barred even though no objection to the claim is filed unless the court extends the time in which the claim may be filed. An extension may be granted only upon grounds of fraud, estoppel, or insufficient notice of the claims period....
[[Image here]]
(6) Nothing in this section shall extend the limitations period set forth in s. 733.710.
(emphasis added).
Section 733.710, Florida Statutes (2006), provides in relevant part:
(1) Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent’s estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.
(2) This section shall not apply to a creditor who has filed a claim pursuant to s. 733.702 within 2 years after the person’s death, and whose claim has not been paid or otherwise disposed of pursuant to s. 733.705.
This court has held that under sections 733.702 and 733.710, any claims of known or reasonably ascertainable creditors, though filed after the three-month period following publication of notice of administration, should not be stricken as untimely if filed prior to the earlier of 30 days after service of notice of administration or two years after the decedent’s death. See In re Estate of Puzzo, 637 So.2d 26, 27 (Fla. 4th DCA 1994).
In Puzzo, the creditors appealed an order denying a petition to extend the time for filing a claim against the estate and granting the estate’s motion to strike the creditors’ claims as untimely. Explaining that the personal representative was on notice of at least one of the claims and that there was no proof that the creditors had been served with notice of administration, we reversed the order on appeal. We stated:
Due process considerations require that Appellants be furnished notice so that they can determine that the time for filing claims has commenced. However, regardless of whether or not the claimants had actual notice, section 733.702(1), Florida Statutes, does not bar the claim of a creditor required to be served with a copy of the notice of administration, unless barred by section 733.710, until the later of the 3-month period following publication or 30 days after seiuice of notice on the creditor. The latter period had not begun to run at the time Appellants’ claims were filed.
We remand for the trial court to determine as to which of Appellant[s’] claims they were known or ascertainable creditors. Any such claims, though filed after the 3-month period, should not have been stricken as untimely if filed prior to the earlier of 30 days after service of notice of administration or 2 years after the decedent’s death.
Id. at 27 (citation omitted).
Our decision in Puzzo is consistent with the plain language of sections 733.702 and *393 733.710. Under Puzzo, if Katherine or the guardian was a known or reasonably ascertainable creditor, appellant’s claim was timely if it was filed prior to the earlier of 30 days after service of notice to creditors or two years after the decedent’s death. This is true regardless of whether the claim was filed after the three-month period following publication of the notice to creditors. Although the creditors in Puzzo did file a motion for extension of time, that is a distinction without a difference. The holding of Puzzo makes clear that a claim of a reasonably ascertainable creditor, who was never served with notice to creditors, is timely if it is filed within two years of the decedent’s death. Because such a claim is timely under section 733.702(1), it would be unnecessary for a reasonably ascertainable creditor to file a motion for extension of time under section 733.702(3).
Here, it is undisputed that the personal representative never served Katherine or Katherine’s guardian with a notice to creditors. Furthermore, less than two years after the decedent’s death, Katherine’s guardian filed a statement of claim in the probate court. Finally, appellant alleged that the guardianship was a known or reasonably ascertainable creditor of Harry’s estate. Under these circumstances, the trial court erred in determining that the claim was untimely without first determining whether Katherine was a known or reasonably ascertainable creditor. If the trial court determines that the claimant was a known or reasonably ascertainable creditor, then appellant’s claim was timely, as it was filed prior to the earlier of 30 days after service of notice to creditors (which never occurred) or two years after the decedent’s death.
The First and Second Districts have reached a contrary conclusion, ruling that even a reasonably ascertainable creditor who was not served with a notice to creditors is required to file a claim within the publication period of three months unless the creditor files a motion for an extension of time under section 733.702(3) within the two-year repose period of section 733.710. See Lubee, 77 So.3d at 884; Morgenthau, 26 So.3d at 632-33. For example, in Lubee, the creditor, Mr. Lubee, filed a claim outside the three-month publication period, but prior to the expiration of the two-year statute of repose provided in section 733.710. The Second District held that his claim was untimely and that the issue of whether Mr. Lubee was a reasonably ascertainable creditor was immaterial:
Because he was not served with a copy of the notice to creditors, Mr. Lubee was required to file his claim in the probate proceeding within the three-month window following publication. Alternatively, Mr. Lubee could seek an extension from the probate court pursuant to section 733.702(3) within the two-year window of section 733.710. It is undisputed that he did neither.... Mr. Lubee’s claim in the probate proceeding was untimely and therefore barred. As a result, the issue of whether or not Mr. Lubee was a readily ascertainable creditor was immaterial.
77 So.3d at 884 (citations omitted) (emphasis added).
Unlike Puzzo, Lubee and Morgenthau are inconsistent with the plain language of section 733.702(1). As one commentator has noted, the Second District’s analysis in Lubee “misses the point of the statute, because it is not the fact of service that makes the publication date inapplicable to the beginning of the period to bar claims, it is the entitlement to service that is relevant.” See Rohan Kelley, Probate Litigation, Practice Under Florida Probate Code § 21.40 (Fla. Bar CLE 7th ed. 2012). Similarly, the flaw in the court’s reasoning in Morgenthau “is that the court begins *394 with the conclusion that the claim, filed after three months from the first publication by a known creditor who was not noticed, was untimely.” Id.
We reverse and remand for the trial court to determine whether Katherine or the guardianship was a known or reasonably ascertainable creditor. If so, then appellant’s claim “though filed after the 3-month period, should not have been stricken as untimely if filed prior to the earlier of 30 days after service of notice of administration or 2 years after the decedent’s death.” Puzzo, 637 So.2d at 27. We certify conflict with Lubee and Morgenthau.

Reversed and Remanded; conflict certified.

DAMOORGIAN, C.J., and KLINGENSMITH, J., concur.

. The 2006 versions of sections 733.702 and 733.710 are applicable in this case because they were in effect at the time of Harry’s death on February 16, 2007. See May, 771 So.2d at 1150 n. 7 (using decedent's date of death to determine applicable version of the statute).