EVANDER, J.
James Souder appeals a final order striking his claims against the estate of Robina Malone. Because Souder’s claims were untimely filed, we affirm.
Robina Malone died testate on April 25, 2011. Her son, Jason Malone, filed a petition for administration on June 20, 2011, and was appointed personal representative of the estate eight days later. In accordance with section 733.2121(1) and (2), Florida Statutes (2011),[1] a notice to creditors was published with the first publication date being July 10, 2011. However, Souder was not served with a copy of the notice to creditors.
Souder filed four separate claims against the estate. Only his first three claims are at issue in this appeal. Souder’s first two claims were filed on June 6, 2012 and July *488 20, 2012, respectively. On September 7, 2012, the personal representative filed a motion to strike Souder’s claims as being untimely filed. Souder filed his third claim on March 15, 2013. Significantly, Souder never petitioned the trial court for an extension of time in which to file his claims against the estate.
After a hearing held on October 1, 2013, the probate court entered an order striking Souder’s claims, determining that they were untimely under section 733.702, Florida Statutes (2011). Specifically, the probate court found that the claims were untimely because they were filed after the three-month creditors’ claim period had expired and Souder had failed to petition the court for an extension of time in which to file his claims.
On appeal, Souder contends that the probate court erred in striking his claims before first determining whether he was a known or reasonably ascertainable creditor. Souder observes that section 733.2121(3)(a), Florida Statutes (2011), requires a personal representative to promptly make a diligent search to determine the names and addresses of creditors of the decedent who are reasonably ascertainable and serve them with a copy of the notice to creditors.
It is Souder’s position that he was a known or reasonably ascertainable creditor and because the personal representative failed to serve him with a copy of the notice to creditors, the creditors’ claim period never began to run. Therefore, according to Souder, his claims were timely because they were filed within the two-year limitation period set forth in section 733.710.[2]
Generally, a probate court’s decision on whether to strike a claim is reviewed for an abuse of discretion. Strulowitz v. Cadle Co., II, 839 So.2d 876, 881 (Fla. 4th DCA 2003). However, to the extent this issue turns on a question of statutory interpretation, a de novo standard of review applies. BellSouth Telecomm., Inc. v. Meeks, 863 So.2d 287, 289 (Fla.2003).
The argument made by Souder finds support in the Fourth District Court of Appeal’s recent decision in Golden v. Jones, 126 So.3d 390 (Fla. 4th DCA 2013), review granted, No. SC13-2536, 2014 WL 3360166 (Fla. July 1, 2014). However, Golden is in conflict with the decisions of two of our other sister courts, Lubee v. Adams, 77 So.3d 882 (Fla. 2d DCA 2012) and Morgenthau v. Estate of Andzel, 26 So.3d 628 (Fla. 1st DCA 2009). We agree with the Lubee and Morgenthau decisions and conclude that even assuming Souder was a known or reasonably ascertainable creditor, his claims were time-barred because they were filed beyond the three-month creditors’ claim period set forth in section 733.702(1), and no petition seeking an extension of time in which to file claims was filed.
Section 733.702(1) provides that:
[N]o claim or demand against the decedent’s estate that arose before the death of the decedent ... is binding on the estate ... unless filed in the probate proceeding on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the notice to creditors, 30 days after the date of service on the creditor ....
The Golden court determined that where a known or reasonably ascertainable creditor is not served with a copy of the notice to creditors, that creditor’s claim is *489 timely if filed within two years of the decedent’s death:
If the trial court determines that thé claimant was a known or reasonably ascertainable creditor, then appellant’s claim was timely, as it was filed prior to the earlier of 30 days after service of notice to creditors (which never occurred) or two years after the decedent’s death.
126 So.3d at 393. We believe that a closer examination of subsection (3) of the statute compels a different conclusion. That subsection provides:
Any claim not timely filed as provided in this section is barred even though no objection to the claim is filed unless the court extends the time in which the claim may be filed. An extension may be granted only upon grounds of fraud, estoppel, or insufficient notice of the claims period. No independent action or declaratory action may be brought upon a claim which was not timely filed unless an extension has been granted by the court. If the personal representative or any other interested person serves on the creditor a notice to file a petition for an extension, the creditor shall be limited to a period of 30 days from the date of service of the notice in which to file a petition for extension.
§ 733.702(3), Fla. Stat. (2011) (emphasis added).
We disagree with Golden’s apparent holding that the remedy for a personal representative’s failure to serve a known or reasonably ascertáinable creditor with a copy of the notice to creditors is a determination that the limitations period set forth in subsection (1) does not begin to run. Subsection (3) expressly provides that a probate court may grant a petition to extend the time in which to file a claim where there was “insufficient notice of the claims period.” Thus, construing' subsections (1) and (3) together, we believe that the Legislature has determined that where a personal representative has failed to serve a copy of the notice to creditors on a known or reasonably ascertainable creditor, that creditor’s remedy is to petition the probate court for an extension of time.
In summary, as stated in Lubee, creditors who are served a copy of the notice to creditors are required to file their claims within thirty days following service. Creditors who are not served a copy of the notice to creditors are required to file their claims within the three-month window following publication or, alternatively, may seek an extension from the probate court pursuant to section 733.702(3) within the two-year window set forth in section 733.710. Lubee, 77 So.3d at 884.
AFFIRMED.
TORPY, C.J. and COHEN, J., concur.

. Subsections (1) and (2) of section 733.2121 state:
(1) Unless creditors’ claims are otherwise barred by s.733.710, the personal representative shall promptly publish a notice to creditors. The notice shall contain the name of the decedent, the file number of the estate, the designation and address of the court in which the proceedings are pending, the name and address of the personal representative, the name and address of the personal representative's attorney, and the date of first publication. The notice shall state that creditors must file claims against the estate with the court during the time periods set forth in s. 733.702, orbe forever barred.
(2) Publication shall be once a week for 2 consecutive weeks, in a newspaper published in the county where the estate is administered or, if there is no newspaper published in the county, in a newspaper of general circulation in that county.

. See § 733.710, Fla. Stat. (2011). "Limitations on claims against estates.”