# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3735
Lower Tribunal No. 2017CP-000056-0000-XX

_____

PALM GARDEN OF WINTER HAVEN, LLC,

Appellant,

v.

ESTATE OF LEON C. DEMPS,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Polk County.
Mark F. Carpanini, Judge.

February 7, 2025

WOZNIAK, J.

Palm Garden of Winter Haven, LLC, appeals from a probate court's order striking as untimely its statement of claim seeking recovery of arbitration costs it incurred in its successful defense of the nursing home negligence action brought against it by the Estate of Leon C. Demps. The court below found that Palm Garden's claim constituted a contingent claim for which Palm Garden was required to file a timely statement of claim in the probate proceeding. This was error. Because the cost award arose solely due to the Estate's act of filing its action after Mr. Demps's death,

the award did not come within the probate statute's definition of a claim, and thus Palm Garden was not required to file a statement of claim. Accordingly, we reverse.

Background

In 2011, Mr. Demps was admitted to Palm Garden's nursing home. As part of the admissions agreement, his wife, Bobbie Demps, who had previously been appointed Mr. Demps's attorney-in-fact via a durable power of attorney, signed an arbitration agreement. That agreement permitted Palm Garden to seek reimbursement of arbitrator compensation and administrative fees it incurred in the event it prevailed in any arbitration between itself and Mr. or Mrs. Demps or, pertinent here, Mr. Demps's personal representative.

Mr. Demps resided in the nursing home until April 2015 and died that December. In September 2016, the Estate (via Mrs. Demps acting as Executor de son Tort) filed suit alleging nursing home negligence, violation of resident's rights, breach of fiduciary duty, and wrongful death against Palm Garden. Mrs. Demps was appointed as the personal representative of the Estate in January 2017.

The Estate published the requisite notice of administration giving notice to creditors on February 3 and 10, 2017. Thus, creditors had no later than May 3, 2017, to file a claim.[1]

---

[1] Pursuant to section 733.702(1), Florida Statutes (2016), claims against an estate arising before the death of the decedent are not binding on the estate, on the personal representative, or on any beneficiary "unless filed in the probate proceeding

2

In April 2017, Palm Garden successfully moved in the negligence action to compel binding arbitration under the arbitration agreement. The arbitration resulted in a defense verdict and determination that Palm Garden was entitled to its costs, after which the arbitration panel awarded Palm Garden $193,176.11 as taxable costs. Over five and one-half years after it obtained the cost award, Palm Garden filed in the probate case a Motion to Prohibit Disbursement of Estate Proceeds. Two days after filing that motion, it filed a statement of claim for $193,176.11.

The Estate moved to strike the statement of claim as untimely, citing the two-year statute of nonclaim in section 733.710, Florida Statutes (2016) (automatically barring claims not filed within two years of the decedent's death), and the three-month filing deadline set out in section 733.702, Florida Statutes (2016) (a statute of limitations barring claims not filed within three months of the first publication of the notice to creditors). Palm Garden responded that because its claim was based on action taken by the Estate—the filing of the negligence suit against Palm Garden after Mr. Demps's death—its claim was not a claim or cause of action against Mr. Demps and thus was not subject to either the statute of nonclaim or the statute of limitations.

---

on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors . . . ."

3

The trial court ruled in favor of the Estate, reasoning that Palm Garden was seeking to recover money from the Estate based upon the arbitration agreement that was signed before Mr. Demps's death; absent the pre-death arbitration agreement, Palm Garden would have no cost claim against the Estate. The court found that Palm Garden knew the Estate had filed the negligence action against it in 2016, knew of the arbitration agreement, and knew there was a possibility that the Estate would not prevail in its suit. Thus, Palm Garden had had ample time to file a contingent claim, but did not do so and the claim was barred.

Analysis

We review a trial court's order striking a statement of claim for abuse of discretion. *See In re Est. of Ortolano*, 766 So. 2d 330, 332 (Fla. 4th DCA 2000). However, to the extent this case turns on statutory interpretation, our review is de novo. *See Golden v. Jones*, 126 So. 3d 390, 391 (Fla. 4th DCA 2013).

Palm Garden asserts that its claim for arbitration costs arose after Mr. Demps's death and is based solely on the actions of the Estate, not for any acts or omissions on Mr. Demps's part during his lifetime. Accordingly, it argues that its claim was not subject to the statute of limitations of section 733.702 or the statute of nonclaim, section 733.710.

We turn first to section 733.702(1), Fla. Stat. (2016), which states that

> no claim or demand against the decedent's estate that arose before the death of the decedent, . . . even if the claims are unmatured, contingent,

4

or unliquidated, . . . and no claim for damages, . . . is binding on the estate, on the personal representative, or on any beneficiary unless filed in the probate proceeding on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors . . . .

The term "claim," as used in section 733.702, is defined as "a liability of the decedent, whether arising in contract, tort, or otherwise, and funeral expense. The term does not include an expense of administration or estate, inheritance, succession, or other death taxes." § 731.201(4), Fla. Stat. (2016). Any claim not filed within section 733.702(1)'s prescribed timeframe is barred, absent an extension by the court for one of three grounds not pertinent here. § 733.702(3), Fla. Stat. The reference in section 733.702(1) to claims arising before the death of the decedent "is intended to make clear that it is unnecessary to file a statement of claim in order to prosecute an action against the estate that is predicated upon events that take place after the decedent's death." *Spohr v. Berryman*, 589 So. 2d 225, 227 (Fla. 1991).

With that in mind, we agree with Palm Garden that section 733.702 is inapplicable. Palm Garden's claim arose after Mr. Demps's death, not before, and stemmed solely from the Estate's action of filing suit. Had it not filed suit, there would not have been a binding arbitration or an award of costs to Palm Garden when the Estate lost. Accordingly, Palm Garden was not required to file a statement of claim under section 733.702.

Having determined that section 733.702 is inapplicable, we turn next to section 733.710(1), which provides that "2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent . . . ." Because Palm Garden's entitlement to its arbitration costs did not stem from any liability on the decedent's part, we hold, too, that section 733.710(1) does not bar its claim.

The Estate triggered the cost provision of the arbitration agreement by filing suit. Had the Estate not initiated the action, Palm Garden's right to recover costs would not have arisen—it had no contingent claim for costs until suit was filed. Its contingent claim was thus against the Estate and did not arise during Mr. Demps's lifetime. As a result, we reverse the trial court's order and remand for further proceedings consistent herewith.

REVERSED and REMANDED.

TRAVER, C.J., and BROWNLEE, J., concur.

Brian M. Bursa and Kirsten K. Ullman, of Ullman Bursa Law, Tampa, for Appellant.

Todd A. Jennings, of MacFarlane, Ferguson & McMullen, Clearwater, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED