637 So.2d 26 (1994)
In re the ESTATE OF Barbara PUZZO, Deceased.
Peter PUZZO and Robin Puzzo, Appellants,
v.
In re the ESTATE OF Barbara PUZZO, Appellee.
No. 93-0623.
District Court of Appeal of Florida, Fourth District.
May 11, 1994.
*27 Roger W. LaJoie of Robin A. Lloyd, Sr. & Associates, P.A., Vero Beach, for appellants.
Thomas H. Warlick of Warlick, Fassett, Divine & Anthony, P.A., Orlando, for appellee.
PER CURIAM.
We reverse an order denying Appellants' petition to extend the time for filing a claim against the estate and granting the estate's motion to strike Appellants' claims as untimely. Appellants, one of whom is a beneficiary in addition to being a claimant, asserted by affidavits that they were not served notice of administration in accordance with the mandate of section 733.212(4)(a), Florida Statutes, though the record reflects that the personal representative, claimants' son and brother, respectively, was on notice of at least one of their claims. No proof of service appears in the record.
Due process considerations require that Appellants be furnished notice so that they can determine that the time for filing claims has commenced. See Tulsa Professional Collection Servs., Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). However, regardless of whether or not the claimants had actual notice, section 733.702(1), Florida Statutes, does not bar the claim of a creditor required to be served with a copy of the notice of administration, unless barred by section 733.710, until the later of the 3-month period following publication or 30 days after service of notice on the creditor. The latter period had not begun to run at the time Appellants' claims were filed.
We remand for the trial court to determine as to which of Appellant's claims they were known or ascertainable creditors. Any such claims, though filed after the 3-month period, should not have been stricken as untimely if filed prior to the earlier of 30 days after service of notice of administration or 2 years after the decedent's death.
DELL, C.J., and STONE and KLEIN, JJ., concur.