# Supreme Court of Florida

_____

No. SC13-2536
_____

**CAROL ANN JONES, etc.,**
Petitioner,

vs.

**EDWARD I. GOLDEN, etc.,**
Respondent.

[October 1, 2015]

CANADY, J.

In this case we consider the timeliness of a creditor's claim against an estate under Chapter 733, Florida Statutes. In particular, we address whether the claim of a creditor who is not served with a copy of the notice to creditors but whose claim is known or reasonably ascertainable is barred under section 733.702(1), Florida Statutes (2006), if not filed within three months after the first publication of the notice to creditors absent an extension, or whether the claim is timely if filed within two years of the decedent's death under section 733.710, Florida Statutes (2006). We have for review Golden v. Jones, 126 So. 3d 390, 390 (Fla. 4th DCA 2013), in which the Fourth District Court of Appeal held "that if a known or

reasonably ascertainable creditor is never served with a copy of the notice to creditors, the statute of limitations set forth in section 733.702(1), Florida Statutes, never begins to run and the creditor's claim is timely if it is filed within two years of the decedent's death." The Fourth District certified that its decision is in direct conflict with the decisions of the First and Second District Courts of Appeal in Morgenthau v. Andzel, 26 So. 3d 628 (Fla. 1st DCA 2009), and Lubee v. Adams, 77 So. 3d 882 (Fla. 2d DCA 2012), which held that even a reasonably ascertainable creditor who was not served with a copy of the notice to creditors is required to file a claim within three months after the first publication of the notice, unless the creditor files a motion for an extension of time under section 733.702(3) within the two-year period of repose set forth in section 733.710. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

Because we conclude that the limitations periods prescribed in section 733.702(1) are not applicable to known or reasonably ascertainable creditors who are never served with a copy of the notice to creditors and that the claims of such creditors are timely if filed within two years of the decedent's death under section 733.710, we approve the decision of the Fourth District in Golden and disapprove the decisions of the First and Second Districts in Morgenthau and Lubee.

## I. BACKGROUND

Harry Jones died in February 2007 and his estate was opened in April 2007. In June 2007, a notice to creditors was published as required by section 733.2121, Florida Statutes (2006), but neither Harry's ex-wife, Katherine Jones, nor her guardian[1] were ever served with a copy of the notice. In January 2009, however, less than two years after Harry's death, the guardian of Katherine Jones filed a statement of claim in the probate court. The statement of claim asserted that Harry's estate owed Katherine money based on a marital settlement agreement executed in 2002. After Katherine died in 2010, Edward Golden was appointed as the curator of her estate.

In 2012, Golden filed in the probate court a "Petition for Order Declaring Statement of Claim Timely Filed and/or For Enlargement of Time to File Statement of Claim, Nunc Pro Tunc." Essentially, Golden claimed that Katherine's guardianship was a known or reasonably ascertainable creditor of Harry's estate. Carol Jones, the personal representative of Harry's estate and the Petitioner before this Court, filed a response to Golden's petition asserting that Katherine was not a reasonably ascertainable creditor of Harry's estate and that her guardian's claim was time-barred under sections 733.702 and 733.710. After a hearing on the petition, the probate court entered an order striking the guardian's

---

1. In 2008, a guardian was court appointed for Katherine Jones because she was adjudicated to lack capacity.

2009 claim as untimely under sections 733.702, 733.710, on the authority of the decisions of the First and Second District Courts in <u>Morgenthau</u> and <u>Lubee</u>.

On appeal, Golden argued that because the notice to creditors was not properly served on Katherine, a known or reasonably ascertainable creditor, the three-month limitations period set forth in section 733.702(1) never began to run, and the claims of Katherine's guardianship could only be barred by the two-year statute of repose in section 733.710. The Fourth District agreed with Golden, concluding that the probate court erred "in determining that the claim was untimely without first determining whether Katherine was a known or reasonably ascertainable creditor." <u>Golden</u>, 126 So. 3d at 391, 393-94. The district court reversed and remanded the case to the probate court to determine whether Katherine or her guardianship was a known or reasonably ascertainable creditor. <u>Id.</u> at 394. The district court further instructed that if the probate court determined that Katherine or her guardianship was indeed a known or reasonably ascertainable creditor, then the "claim was timely, as it was filed prior to the earlier of 30 days after service of notice to creditors (which never occurred) or two years after the decedent's death." <u>Id.</u> at 393-94. The Fourth District recognized that the decisions of the First District in <u>Lubee</u> and the Second District in <u>Morgenthau</u> both reached contrary conclusions and certified conflict with those cases. <u>Id.</u>

## II. ANALYSIS

- 4 -

The question before the Court is one of statutory interpretation, which is subject to de novo review. BellSouth Telecommunications, Inc. v. Meeks, 863 So. 2d 287, 289 (Fla. 2003). In the analysis that follows, we examine the relevant statutes and discuss the conflicting district court decisions. We then resolve the conflict by approving the reasoning of the Fourth District in Golden and concluding that claims of known or reasonably ascertainable creditors of an estate who were not served with a copy of the notice to creditors are timely if filed within two years of the decedent's death.

## A. Relevant Statutes

Three sections of the Florida Probate Code are relevant to our resolution of the conflict presented. Section 733.2121 outlines the duty of a personal representative to publish a notice to creditors of the pending administration of an estate and to serve a copy of the notice to creditors on known or reasonably ascertainable creditors. It provides, in relevant part:

> (1) Unless creditors' claims are otherwise barred by s. 733.710, the personal representative shall promptly publish a notice to creditors. The notice shall contain the name of the decedent, the file number of the estate, the designation and address of the court in which the proceedings are pending, the name and address of the personal representative, the name and address of the personal representative's attorney, and the date of first publication. The notice shall state that creditors must file claims against the estate with the court during the time periods set forth in s. 733.702, or be forever barred.
>
> (2) Publication shall be once a week for 2 consecutive weeks, in a newspaper published in the county where the estate is

- 5 -

administered or, if there is no newspaper published in the county, in a newspaper of general circulation in that county.

(3)(a) The personal representative shall promptly make a diligent search to determine the names and addresses of creditors of the decedent who are reasonably ascertainable, even if the claims are unmatured, contingent, or unliquidated, and shall promptly serve a copy of the notice on those creditors. Impracticable and extended searches are not required. Service is not required on any creditor who has filed a claim as provided in this part, whose claim has been paid in full, or whose claim is listed in a personal representative's timely filed proof of claim.

. . . .

(4) Claims are barred as provided in ss. 733.702 and 733.710.

§ 733.2121, Fla. Stat. (2006); see also Fla. Prob. R. 5.241(a) ("[T]he personal representative shall promptly publish a notice to creditors and serve a copy of the notice on all creditors of the decedent who are reasonably ascertainable.").

Section 773.702 provides, in relevant part:

(1) [N]o claim or demand against the decedent's estate . . . is binding on the estate . . . unless filed in the probate proceeding on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the notice to creditors, 30 days after the date of service on the creditor . . . .

. . . .

(3) Any claim not timely filed as provided in this section is barred even though no objection to the claim is filed unless the court extends the time in which the claim may be filed. An extension may be granted only upon grounds of fraud, estoppel, or insufficient notice of the claims period.

. . . .

- 6 -

(6)  Nothing in this section shall extend the limitations period set forth in s. 733.710.

§ 733.702, Fla. Stat. (2006) (emphasis added).

Section 733.710 provides, in relevant part:

(1)  Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.

(2)  This section shall not apply to a creditor who has filed a claim pursuant to s. 733.702 within 2 years after the person's death, and whose claim has not been paid or otherwise disposed of pursuant to s. 733.705.

§ 733.710, Fla. Stat. (2006).

We have held that section 733.702 is a statute of limitations and that section 733.710 is a jurisdictional statute of nonclaim, which cannot be waived or extended.  May v. Illinois Nat. Ins. Co., 771 So. 2d 1143, 1150 (Fla. 2000).

## B.  Morgenthau and Lubee

In Morgenthau, the personal representative of the decedent's estate published a notice to creditors in a newspaper in March 2008, informing possible creditors of the estate that they had three months from the date of the first publication in which to file any claims outstanding against the estate.  26 So. 3d at 629.  In April 2009, Morgenthau filed a statement of claim alleging that he was the holder of an outstanding note executed by the decedent and that the personal representative was aware of the amount due to Morgenthau.  Id.  The probate court

struck the claim as untimely because it was not filed within three months of the first publication of the notice to creditors. Id. at 629-30.

On appeal, the First District found that even if Morgenthau was a known or reasonably ascertainable creditor of the estate who was therefore entitled to receive actual notice by service, because he was not served with a copy of the notice, he was required to file his claim within the three-month window following the first publication of the notice. Id. at 632 ("[T]he claim was untimely as appellant did not receive actual notice of the claim and was, thus, a creditor who fell in the three month filing window following publication."). The district court stated that once Morgenthau's claim fell outside the three-month window, it could only be considered if Morgenthau had requested and been granted an extension of time by the probate court. Id. Because Morgenthau filed only a statement of claim and did not seek an extension of time in which to file that claim, the district court concluded that "the probate court was bound by the relevant statutes to deny the claim." Id.

In Lubee, the decedent died in December 2006, and the notice to creditors was first published in November 2007. 77 So. 3d at 883. More than one year after the first publication, Lubee filed a statement of claim in the probate court. Id. Lubee asserted that because he was a readily ascertainable creditor entitled to be served with a copy of the notice to creditors, he was only required to file his claim

within thirty days after service of the notice under section 733.702(1) or within two years of the decedent's death under section 733.10. According to Lubee, because he was never served with a copy of the notice to creditors, his claim was timely filed within two years of the decedent's death. Id.

The Second District disagreed and concluded that Lubee's claim was untimely because it was filed outside of the three-month window. The Second District concluded that whether Lubee was a reasonably ascertainable creditor or not was immaterial. The court explained:

> Because a notice to creditors was published on November 16, 2007, creditors not entitled to actual notice were required to file their claims on or before February 16, 2008. See § 733.702(1). Creditors who were served with the notice to creditors were required to file their claims within thirty days following service. See id. Because he was not served with a copy of the notice to creditors, Mr. Lubee was required to file his claim in the probate proceeding within the three-month window following publication. Alternatively, Mr. Lubee could seek an extension from the probate court pursuant to section 733.702(3) within the two-year window of section 733.710. See Morgenthau v. Estate of Andzel, 26 So. 3d 628, 632 (Fla. 1st DCA 2009); cf. Miller v. Estate of Baer, 837 So. 2d 448, 449 (Fla. 4th DCA 2002) (affirming order enforcing claim against estate where creditor failed to file claim within three-month window of section 733.702(1) but did file motion for extension of time within two-year window of section 733.710). It is undisputed that he did neither. Mr. Lubee's filing of his claim in the probate proceeding within two years of the decedent's death did not amount to a request for an extension of time and did not otherwise comply with the requirements of section 733.702. Mr. Lubee's claim in the probate proceeding was untimely and therefore barred. As a result, the issue of whether or not Mr. Lubee was a readily ascertainable creditor was immaterial[.]

Id. at 883-84 (emphasis added).

- 9 -

In Golden, the Fourth District rejected the analyses in Morgenthau and Lubee, finding the decisions inconsistent with the plain language of section 733.702(1), which allows a known or reasonably ascertainable creditor to file a claim against an estate "on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors or . . . 30 days after the date of service on the creditor." The court instead followed Fourth District precedent established in In re Estate of Puzzo, 637 So. 2d 26 (Fla. 4th DCA 1994), in which the court stated:

> Due process considerations require that Appellants be furnished notice so that they can determine that the time for filing claims has commenced. However, regardless of whether or not the claimants had actual notice, section 733.702(1), Florida Statutes, does not bar the claim of a creditor required to be served with a copy of the notice of administration, unless barred by section 733.710, until the later of the 3-month period following publication or 30 days after service of notice on the creditor. The latter period had not begun to run at the time Appellants' claims were filed.
> We remand for the trial court to determine as to which of Appellant[s'] claims they were known or ascertainable creditors. Any such claims, though filed after the 3-month period, should not have been stricken as untimely if filed prior to the earlier of 30 days after service of notice of administration or 2 years after the decedent's death.

Golden, 126 So. 3d at 392 (alteration in original) (quoting Puzzo, 637 So. 2d at 27).

The Fourth District concluded that the probate court should have determined whether Katherine or her guardianship was a known or reasonably ascertainable

- 10 -

creditor prior to determining the timeliness of her guardian's claim, and if she or the guardianship was a known or reasonably ascertainable creditor, then the claim "though filed after the 3-month period, should not have been stricken as untimely if filed prior to the earlier of 30 days after service of notice of administration or 2 years after the decedent's death." Id. (quoting Puzzo, 637 So. 2d at 27).

## C. Resolving the Conflict

Section 733.702(1), Florida Statutes, provides two distinct and different limitations periods for the filing of claims against an estate: one for creditors "required to be served with a copy of the notice to creditors," i.e., known or reasonably ascertainable creditors, and a second for unknown and not reasonably ascertainable creditors (hereinafter "unknown creditors"). The limitations period applicable to unknown creditors, set forth in section 733.702(1), begins to run upon publication of the notice to creditors and ends three months after the date of the first publication.

Creditors who are known or reasonably ascertainable need not rely on publication for notice of the pending administration of an estate. Section 733.2121(3)(a) requires a personal representative to "promptly serve a copy of the notice" on those creditors who are known or reasonably ascertainable after a diligent search. The limitations period applicable to known or reasonably ascertainable creditors does not begin to run until service is perfected. Once

served with a copy of the notice, a known or reasonably ascertainable creditor must file any claim within the later of "3 months after the time of the first publication of the notice to creditors or . . . 30 days after the date of service on the creditor . . . ." § 733.702(1), Fla. Stat.

Under the plain language of section 733.702(1), where a known or reasonably ascertainable creditor is never served with a copy of the notice to creditors, the applicable limitations period never begins to run and cannot bar that creditor's claim. "[A]s to any creditor required to be served with a copy of the notice to creditors," the limitations period can only be triggered by "service on the creditor" of the required notice. § 733.702(1), Fla. Stat. A known or reasonably ascertainable creditor is absolved from the limitations of section 733.702(1) by virtue of the fact that the personal representative failed to serve the creditor with the required notice. The only instance in which a known or reasonably ascertainable creditor is required to file any claims before the expiration of the three-month window after publication of the notice is where the last day of the three-month window occurs more than thirty days after service of the required notice.

Accordingly, if a known or reasonably ascertainable creditor is not served with a copy of the notice, section 733.702(1) does not govern the timeliness of that creditor's claims. Instead, the claims of such a creditor are only barred if not filed

within the two-year period of repose set forth in section 733.710. Thus, the claim of a known or reasonably ascertainable creditor who was never served with a copy of the notice to creditors is timely if filed within two years of the decedent's death. Further, because the limitations periods in section 733.702 are inapplicable under such circumstances, it is not necessary for the creditor to seek an extension of time under section 733.702(3) since that section applies only to claims that are untimely under section 733.702.

The decision of the First District in Morgenthau—on which the Second District relied in Lubee—is based on a misinterpretation of the limitations provisions in section 773.702(1).[2] The First District interpreted that section in the following manner:

> Section 773.702(1) mandates a claim is untimely if it is filed either (1) outside the three month window following publication to creditors or (2) filed outside the 30 day window for responding to a notice of claim if the creditor is a readily ascertainable creditor of the estate entitled to actual notice of the claim.

Morgenthau, 26 So. 3d at 630 (emphasis added). Stated differently, Morgenthau requires that to be timely, a claim must be filed both within the three-month window after publication and within the thirty-day window after service of a copy

_____

2. The Morgenthau court's analysis may also have been hampered by the fact that Morgenthau conceded that his claim was "untimely." Morgenthau, 26 So. 3d at 630.

- 13 -

of the notice.  But that's not what the statute says.  As explained above, the plain language of section 733.702 specifies that as to a known or reasonably ascertainable creditor, a claim is <u>timely</u> if "filed in the probate proceeding on or before the <u>later</u> of the date that is 3 months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the notice to creditors, 30 days after the date of service on the creditor."  § 733.702(1), Fla. Stat. (emphasis added).

The interpretation adopted in <u>Golden</u> is in accord with the plain terms of the statute.  And it is also in accord with the requirements of due process.  In <u>Tulsa Professional Collection Services, Inc. v. Pope</u>, 485 U.S. 478, 489-91 (1988), the United States Supreme Court held that where a creditor is known or reasonably ascertainable, that creditor's claim may not be barred merely by publication of the notice to creditors.  Noting that a claim against an estate is property subject to protection by the Fourteenth Amendment, the Supreme Court weighed the important state interests in regulating the timeliness of creditors' claims against the rights of those creditors to have their intangible interests in property protected by the Fourteenth Amendment.  <u>Id.</u> at 485.  The Supreme Court determined that where a time bar is self-executing—such as the two-year statute of repose in section 733.710—there is insufficient state action to implicate the Due Process Clause of the Fourteenth Amendment.  <u>Id.</u> at 485-87.  However, where a time bar is triggered

- 14 -

by legal proceedings—such as the limitations periods in section 733.702—there <u>is</u> sufficient state action to implicate the Due Process Clause. <u>Id.</u> at 487-88. The Court thus concluded that where there is sufficient state action and a creditor is "known or 'reasonably ascertainable,' then the Due Process Clause requires that [the creditor] be given '[n]otice by mail or other means as certain to ensure actual notice.' " <u>Id.</u> at 491 (quoting <u>Mennonite Bd. of Missions v. Adams</u>, 462 U.S. 791, 800 (1983)).

A personal representative is therefore constitutionally obligated to provide actual notice to known or reasonably ascertainable creditors and if the personal representative fails to provide that notice, the creditors' claims cannot be barred except under section 733.710. The Fourth District's decision in <u>Golden</u> properly recognizes the duty of the personal representative to provide notice to known and reasonably ascertainable creditors and the requirement of actual notice to satisfy due process as to those creditors

### III. CONCLUSION

For the reasons explained above, we conclude that claims of known or reasonably ascertainable creditors of an estate who were not served with a copy of the notice to creditors are timely if filed within two years of the decedent's death. Accordingly, we approve the decision of the Fourth District in <u>Golden</u> and

disapprove the decisions of the First District in <u>Lubee</u> and the Second District in

<u>Morgenthau</u>.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

Fourth District - Case No. 4D12-2094

(Broward County)

Robin Felicity Hazel of Hazel Law, P.A., Pembroke Pines, Florida,

for Petitioner

William H. Glasko of Golden Glasko & Associates, P.A., Miami, Florida,

for Respondent

Gerald Barnette Cope, Jr. of Akerman LLP, Miami, Florida; Kenneth Bradley Bell and John Wesley Little, III of Gunster, West Palm Beach, Florida; and Robert W. Goldman of Goldman Felcoski & Stone, Naples, Florida,

for Amicus Curiae The Real Property, Probate & Trust Law Section of The Florida Bar