IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JANIE LERMA-FUSCO A/K/A
JANIE LERMA, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF FRANCO FUSCO A/K/A FRANK FUSCO,

      Appellant,

 v.                                 Case No.  5D16-1878

DENNIS SMITH, INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF CHRISTIAN ALEXANDER
SMITH AND TINA SMITH,

      Appellee.
_____/

Opinion filed June 16, 2017

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

Keith S. Kromash, of Nash & Kromash,
LLP, Melbourne, for Appellant.

Francine R. Kalish, of Francine Rae Kalish,
P.A., Indialantic, for Appellee.

COHEN, C.J.,

      Janie Lerma-Fusco ("Lerma-Fusco"), as the personal representative of the estate

of Franco Fusco, appeals from an order granting Dennis and Tina Smith's ("the Smiths")

motion to set aside an order striking the Smiths' statement of claim and from an order

granting the Smiths' emergency motion for temporary injunction to freeze estate assets.

We dismiss the appeal from the order setting aside the order striking the Smiths' statement of claim and reverse the order granting the temporary injunction.

By way of background, Franco Fusco died testate in 2014. Lerma-Fusco petitioned for administration of the estate, seeking to be appointed as the personal representative pursuant to the decedent's will. Lerma-Fusco is the decedent's surviving spouse, and she is the sole beneficiary under his will. The trial court admitted the will to probate and appointed Lerma-Fusco as personal representative of the estate. Lerma-Fusco filed a notice to creditors and notice of administration. She also filed a proof of publication of the notice to creditors and provided formal notice to numerous creditors; the Smiths were not among those provided notice.

Approximately six months after publication of the notice to creditors, the Smiths filed a statement of claim. The basis for the Smiths' claim was a Michigan default judgment entered against the decedent in 1999, which was renewed in 2009. The original default was for $750,000, but the total amount of the claim at the time of filing the statement of claim was $1,452,057.95. The claim arose from the death of the Smiths' son, Christian Smith, who was twenty years old at the time of his death. The Smiths filed a wrongful death claim against the decedent in Michigan that alleged that on December 31, 1996, the decedent hosted a New Year's Eve party at his Michigan residence, during which Christian Smith became visibly intoxicated, left the residence, and was involved in a fatal accident while driving a vehicle.

Lerma-Fusco filed a motion to strike the statement of claim as untimely, claiming formal notice to the Smiths was not required because they were not known or reasonably

2

ascertainable creditors of the estate; she also asserted that the ninety-day window for filing claims had expired prior to the Smiths' filing of their statement of claim.[1]

The probate court held a hearing on Lerma-Fusco's motion to strike. Counsel for Lerma-Fusco conceded that if the probate court found the Smiths were known or reasonably ascertainable creditors, the claim would be timely filed because it was filed within two years of the service by publication, and the Smiths did not receive formal notice of the administration of the estate.

The evidence at the hearing revealed that Lerma-Fusco and the decedent had lived together for twenty years, including in Michigan. They married approximately three months before the decedent's death. Despite the fact that the decedent and Lerma-Fusco lived together, worked together at the decedent's business, and hosted the New Year's Eve party, and despite her acknowledgment that she was notified in the early morning hours following the party about the death of the Smiths' son, Lerma-Fusco denied knowing anything about the wrongful death suit or the Michigan judgment. Although the probate court found Lerma-Fusco's testimony "incredulous," the court granted the motion to strike the claim as untimely, finding that the Smiths did not demonstrate they were known or reasonably ascertainable creditors.

---

[1] In general, a claim against an estate must be filed within three months of the time of the first publication of notice to creditors. See § 733.702(1), Fla. Stat. (2015). This time limitation may be extended by the court if there is evidence of fraud, estoppel, or insufficient notice of the claims period. See id.; § 733.702(3). However, if a creditor is reasonably ascertainable, actual notice of the administration of the estate is required. See Fla. Prob. R. 5.241(a) ("[T]he personal representative shall promptly publish a notice to creditors and serve a copy of the notice on all creditors of the decedent who are reasonably ascertainable."). Notwithstanding these provisions, section 733.710, Florida Statutes, is a jurisdictional statute of nonclaim, which cannot be extended and limits claims against an estate to two years after the death of a decedent. See § 733.710(1), Fla. Stat. (2015); see also Jones v. Golden, 176 So. 3d 242, 245 (Fla. 2015).

3

Approximately four months later, the Smiths filed a motion to set aside the order striking the statement of claim, alleging there was newly discovered evidence that Lerma-Fusco had actual knowledge of the default judgment, making the Smiths a known creditor of the estate. Following a hearing, the probate court granted that motion as well as the Smiths' motion for a temporary injunction to freeze the assets of the estate.

On appeal, Lerma-Fusco focuses on the evidentiary admissibility of the information in the Smiths' motion to set aside the order striking the statement of claim and the accompanying affidavits. If the proffered evidence was truthful, it would demonstrate that Lerma-Fusco knew about the Michigan default judgment. The crux of Lerma-Fusco's argument is that the evidence set forth in the affidavits consisted of attorney-client communications and thus was privileged and inadmissible.

However, before considering the admissibility of the evidence, this Court must first determine whether it possesses jurisdiction to adjudicate this matter. Lerma-Fusco asserts that jurisdiction exists pursuant to Florida Rule of Appellate Procedure 9.170(b)(17). That rule provides that "appeals of orders rendered in probate and guardianship cases shall be limited to orders that finally determine a right or obligation of an interested person . . . [including] orders that . . . determine a motion or petition for enlargement of time to file a claim against an estate." Fla. R. App. P. 9.170(b)(17).

The probate court's order does not "finally determine" the merits of the Smiths' claim against the estate. Rather, the order merely sets aside the order striking the Smiths' statement of claim. The probate court determined that a subsequent evidentiary hearing would be held to address Lerma-Fusco's contention that the Smiths' evidence was inadmissible, and to determine whether the Smiths were indeed ascertainable creditors

4

of the estate. Neither this Court nor the probate court, on the face of the affidavits, can determine whether the "newly discovered evidence" is privileged. That determination is dependent upon a number of factors, which will be addressed at the subsequent evidentiary hearing. See § 90.502, Fla. Stat. (2015). Thus, Florida Rule of Appellate Procedure 9.170(b)(17) does not provide this Court with jurisdiction to review the probate court's order setting aside its earlier order. By its very nature, it is a non-appealable, non-final order. Therefore, we dismiss the portion of the appeal seeking review of that order.

Conversely, jurisdiction exists to review the order granting the temporary injunction freezing the estate assets. See Fla. R. App. P. 9.130(a)(3)(B). "A temporary injunction may be entered where the party seeking the injunction establishes: (1) the likelihood of irreparable harm; (2) the lack of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) considerations of the public interest." Dickerson v. Senior Home Care, Inc., 181 So. 3d 1228, 1229 (Fla. 5th DCA 2015) (citing Yardley v. Albu, 826 So. 2d 467, 470 (Fla. 5th DCA 2002)). If a motion for temporary injunction meets the four criteria, the court must make findings in the order granting the injunction as to each of the criteria. See id.; see also Fla. R. Civ. P. 1.610(c) (providing that "[e]very injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document"). The Smiths concede error, acknowledging the order failed to comply with rule 1.610(c). Accordingly, we reverse the order granting the temporary injunction.

DISMISSED IN PART; REVERSED IN PART; and REMANDED.

BERGER, J., and NICHOLS, D., Associate Judge, concur.

5