# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2299

_____

KATHERINE HERMAN, Personal
Representative for the Estate of
Steve Allen Herman, a/k/a Steve
A. Herman,

    Appellant,

    v.

NANCY HERMAN BENNETT,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Donna M. Keim, Judge.

July 23, 2019

LEWIS, J.

Appellant, Katherine Herman, appeals the trial court's order denying her petition for an order striking Appellee's, Nancy Herman Bennett's, claim for being untimely filed. Because the trial court erred in determining that Appellee's claim was timely filed under section 733.702(1), Florida Statutes (2017), we reverse.

## BACKGROUND

Appellant was appointed as personal representative of the estate of her deceased father, Steve Allen Herman, and filed a petition to determine the beneficiary of an annuity contract. On

January 4, 2018, a notice to creditors was published. On April 5, 2018, Appellee, the decedent's sister, filed an answer to the petition and a statement of claim against the estate. Appellant, in turn, filed a petition for an order striking untimely filed claim, arguing that Appellee's claim was barred under section 733.702, Florida Statutes (2017), which provides that a claim against an estate must be filed:

> on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the notice to creditors, 30 days after the date of service on the creditor[.]

Appellant contended that because the notice to creditors was first duly published on January 4th, and Appellee was served a copy of the notice by mail on January 21st, the time for filing any claims expired on April 4th, rendering her April 5th claim time barred. Appellee countered that her claim was timely filed because the computation of the three-month period set forth in section 733.702(1) is governed by Florida Rule of Judicial Administration 2.514, pursuant to which the time period began the day after the event triggering it and ended on April 5th.

The trial court found that it is unclear from the language of section 733.702(1) if the three-month creditor's claim period begins to run on the first day of publication or the day after and, thus, resorted to Florida Rule of Judicial Administration 2.514 for guidance. Upon application of the rule, the court found that "the 3-month claims period began to run on January 5, 2018 and expired on April 5, 2018. Therefore, the last day for any creditor to file a claim against the estate . . . was April 5, 2018." Accordingly, the court denied the petition for an order striking untimely filed claim and declared the cause adversarial. This appeal followed.

## ANALYSIS

We review a trial court's decision on a petition to strike a claim against an estate as untimely for an abuse of discretion. *Strulowitz v. Cadle Co., II, Inc.*, 839 So. 2d 876, 879 (Fla. 4th DCA 2003); *see also Morgenthau v. Estate of Andzel*, 26 So. 3d 628, 630 (Fla. 1st DCA 2009), *disapproved on other grounds by Jones v.*

2

*Golden*, 176 So. 3d 242 (Fla. 2015). However, the standard of review is *de novo* to the extent the issue turns on statutory interpretation. *Morgenthau*, 26 So. 3d at 630; *see also W. Fla. Reg'l Med. Ctr., Inc. v. See*, 79 So. 3d 1, 8 (Fla. 2012) (stating that questions of statutory construction are reviewed *de novo*). The polestar of statutory construction is legislative intent. *See*, 79 So. 3d at 8. To discern legislative intent, the court must first look to the plain and obvious meaning of the statute's text. *Id.* at 9. If the statutory language is clear and unambiguous, the court must apply that unequivocal meaning and may not resort to the rules of statutory construction. *Id.* The court must give full effect to all statutory provisions and avoid readings that would render a part of a statute meaningless; additionally, the court may not construe an unambiguous statute in a way that would extend, modify, or limit its express terms or its reasonable and obvious implications. *Bennett v. St. Vincent's Med. Ctr., Inc.*, 71 So. 3d 828, 838 (Fla. 2011).

Section 733.702 is titled "Limitations on presentation of claims" and provides in pertinent part as follows:

> (1) If not barred by s. 733.710, **no claim** or demand against the decedent's estate that arose before the death of the decedent, including claims of the state and any of its political subdivisions, even if the claims are unmatured, contingent, or unliquidated; no claim for funeral or burial expenses; no claim for personal property in the possession of the personal representative; and no claim for damages, including, but not limited to, an action founded on fraud or another wrongful act or omission of the decedent, **is binding** on the estate, on the personal representative, or on any beneficiary **unless filed in the probate proceeding on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the notice to creditors, 30 days after the date of service on the creditor**, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise. . . .

. . . .

(3) Any claim not timely filed as provided in this section is barred even though no objection to the claim is filed unless the court extends the time in which the claim may be filed. An extension may be granted only upon grounds of fraud, estoppel, or insufficient notice of the claims period. . . .

§ 733.702, Fla. Stat. (2017) (emphasis added).

In the case before us, the pertinent facts are not in dispute and the issue is whether the three-month limitations period of section 733.702(1) begins to run on the date of the first publication of the notice to creditors (as contended by Appellant) or on the day after the date of the first publication (as argued by Appellee and determined by the trial court). The resolution of the issue turns on section 733.702(1)'s language of "the date that is 3 months after the time of the first publication of the notice to creditors."

Contrary to the trial court's finding and Appellee's argument, the language of section 733.702(1) is clear and unambiguous: "the date that is 3 months after the time of first publication" is the date that is three calendar months after the date of first publication; it is not the date that is three months after the day after the time of first publication. *See also Jones v. Golden*, 176 So. 3d 242, 245, (Fla. 2015) (reiterating that section 733.702(1) is a statute of limitations and explaining that the three-month limitations period "begins to run upon publication of the notice to creditors and ends three months after the date of the first publication"); *Spohr v. Berryman*, 589 So. 2d 225, 226 (Fla. 1991) ("The first publication of the notice of administration . . . occurred on January 9, 1987. Under section 733.702 . . ., this meant that claims against the estate had to be filed by no later than April 9, 1987."); *Mack v. Perri*, 24 So. 3d 697, 697 (Fla. 1st DCA 2009) ("The time period under section 733.702(1) runs from 'the time of the first publication of the notice to creditors.'"); *In re Hill*, 582 So. 2d 701, 702 (Fla. 1st DCA 1991) (noting that where "the notice of administration was published for the first time on September 28, 1988," "[t]he section 733.702, Florida Statutes (1987), three-month period within which estate creditors could file their claims expired on December 28, 1988 . . . ."); *Coley v. Estate of Odom*, 500 So. 2d 188, 189 (Fla. 1st

4

DCA 1986) ("Notice to creditors of Odom's estate was published first on September 2, 1983. Under section 733.702(1)(a), Florida Statutes (1985), creditors of Odom's estate had a period of three months or until December 2, 1983, to file claims."); *Lubee v. Adams*, 77 So. 3d 882, 883-84 (Fla. 2d DCA 2012), *disapproved of by Jones v. Golden*, 176 So. 3d 242 (Fla. 2015) ("Because a notice to creditors was published on November 16, 2007, creditors not entitled to actual notice were required to file their claims on or before February 16, 2008. *See* § 733.702(1)."); *Miller v. Estate of Baer*, 837 So. 2d 448, 449 (Fla. 4th DCA 2002) (explaining that where notice was published on December 4, 1996, creditors "had until March 4, 1997, to file their claims or be time barred"); *Estate of Shearer ex rel. Shearer v. Agency for Health Care Admin.*, 737 So. 2d 1229, 1230-31 (Fla. 5th DCA 1999) ("Parties agree that Notice of Administration is published [May 5, 1997], triggering the 3-month claims period under § 733.702. The 3-month period expires August 5, 1997."); *In re Estate of Bartkowiak*, 645 So. 2d 1082, 1083 (Fla. 3d DCA 1994) ("Notice of administration was properly published July 11, 1990. The deadline for filing claims was October 11, 1990.").

As such, we find inapplicable rule 2.514, which provides in part that "in computing time periods specified in any . . . statute that does not specify a method of computing time," "[w]hen the period is stated in days or a longer unit of time," "exclude the day of the event that triggers the period."  Fla. R. Judicial Admin. 2.514(a)(1)(A) (2017).* Accordingly, we hold that the three-month limitations period of section 733.702(1) begins to run on the day of the first publication of the notice to creditors.

---

* Effective January 1, 2019, rule 2.514 was amended to read in pertinent part that "[w]hen the period is stated in days or a longer unit of time," "begin counting from the next day that is not a Saturday, Sunday, or legal holiday."  2018 FLORIDA COURT ORDER 0045 (C.O. 0045).

Given that the notice to creditors was first published on January 4th, the three-month limitations period ended on April 4th, rendering Appellee's claim filed on April 5th untimely. Therefore, we reverse the trial court's order denying Appellant's petition for an order striking Appellee's claim as untimely.

REVERSED.

ROBERTS and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jonathan S. Dean and Sarah C. Rummel of Dean and Dean, LLP, Ocala, for Appellant.

Adam Rowe, David P. Grigaltchik, and Boris Galustov of Grigaltchik & Galustov, P.A., Jacksonville, for Appellee.