# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-4026
Lower Tribunal No. 2022-CP-00-1744-0000-XX

_____

MARGARETT FIELDS,

Appellant,

v.

ESTATE OF IVA LEE FORD, a/k/a IVA LEE FORD, SR.,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Mark F. Carpanini, Judge.

June 7, 2024

LAMBERT, B.D., Associate Judge.

Margarett Fields, a pro se litigant, appeals the probate court's order that forever barred the claim that she filed against Appellee, the Estate of Iva Lee Ford, a/k/a Iva Lee Ford, Sr. For the following reasons, we affirm.

Florida's Probate Code, codified at chapter 733, Florida Statutes, sets forth "a unified statutory scheme intended to govern all probate matters." *Lefkowitz v. Schwartz*, 299 So. 3d 549, 552 (Fla. 5th DCA 2020) (quoting *Hill v. Davis*, 70 So. 3d 572, 577 (Fla. 2011)). Section 733.703, Florida Statutes, provides that to present

a claim against an estate, the claimant must file a written statement of the claim in the probate proceeding. *Id.*

Fields filed such a written statement of claim in the subject probate proceeding. Her claim asserted that the decedent owed her child support arrearages that had accrued while their child, who is now forty-three years old, was a minor. The claim did not indicate whether a judgment or order had been previously entered establishing an arrearage amount, nor did Fields attach a copy of a judgment or order to her statement of claim.

Shortly after the estate was opened, the personal representative of the decedent's estate caused a notice to creditors to be published in a local newspaper, as required by section 733.702(1), Florida Statutes (2022). This statute sets forth certain time limitations for a creditor to then file a claim against the estate. Much of Fields's argument here for reversal centers around the fact that she was a reasonably ascertainable creditor of the estate, but the personal representative, in alleged violation of his duty under section 733.2121, Florida Statutes, did not serve her with a copy of the notice to creditors. Her premise appears to be that the probate court erroneously barred her claim for being untimely filed, when it was the failure of the personal representative to serve her with the notice to creditors that caused her claim to be untimely.

The personal representative, though, did not assert that Fields's claim was untimely filed. He conceded, both here and below, that Fields was a reasonably

ascertainable creditor who did not receive a copy of the notice to creditors. In *Jones v. Golden*, 176 So. 3d 242, 243 (Fla. 2015), the Florida Supreme Court held that claims of known or reasonably ascertainable creditors of an estate who were not served with a copy of the notice to creditors under section 733.702(1) are timely filed under section 733.710, Florida Statutes, if filed within two years of the decedent's death. Fields filed her claim within two years of the decedent's death. It was therefore timely filed. Moreover, as outlined below, the probate court did not bar Fields's claim for being untimely.

The personal representative filed an objection to Fields's statement of claim. Section 733.705(2), Florida Statutes, provides that "[o]n or before the expiration of 4 months from the first publication of notice to creditors or within 30 days from the timely filing or amendment of a claim, whichever occurs later, a personal representative or other interested person may file a written objection to a claim." Here, the personal representative's written objection was filed within thirty days of Fields's claim, so it too was timely.

Section 733.705(5) then details the procedure for resolving an objection to a claim filed against an estate. The statute provides that a claimant is limited to a period of thirty days from the date of service of an objection within which to bring an independent action on the claim, unless an extension of this time is agreed to by the personal representative in writing before it expires. *Id.* Additionally, or alternatively, under section 733.705(5)(a), the court, for good cause shown, may

3

extend the time for filing an action or proceeding after the objection is filed. This subsection then explicitly places a claimant on notice that "[n]o action or proceeding on the claim may be brought against the personal representative after the time limited above, and the claim is barred without court order." *Id.*

The record is clear that an extension of this time was neither requested from nor given by the personal representative, nor did Fields ask the probate court for an extension. Accordingly, under section 733.705(5), Fields had thirty days from the date when she was served with the objection to her claim to file an independent action on the claim against the personal representative. Simply stated, Fields never filed this required independent action—more particularly, Fields did not file a separate suit in the civil division of the circuit court[1] against the personal representative for damages on her child support arrearages claim.

Under the plain language of sections 733.705(5) and (5)(a), which this court is obligated to apply, Fields's failure to file this independent action within thirty days after having been served with the written objection resulted in her claim being forever barred. The probate court's order before us for review barring her claim for this reason was correctly entered and is properly affirmed.

AFFIRMED.

TRAVER, C.J., and NARDELLA, J., concur.

---

[1] The amount of Fields's statement of claim would have placed jurisdiction squarely with the circuit court.

Margarett Fields, Dundee, pro se.

Lydia Sturgis Zbrzeznj and Nicholas T. Zbrzeznj, of Southern Atlantic Law Group, PLLC, Winter Haven, for Appellee.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

_____